Jones, E. H., J.
A petition in error was filed in this court seeking a reversal of the judgment of the court of common pleas in setting aside the action of the township trustees of Wilson township in certain proceedings had before said trustees for the cleaning, altering and tiling of a certain ditch.
This ditch was originally constructed about the year 1903, and the petition filed with the township trustees, upon which the proceedings under review are based, prayed that “you may establish, deepen, straighten, alter the course of if necessary, and tile with proper underground drain tile that part of the township ditch known as the Aaron Gilbert Ditch petitioned for by Aaron Gilbert, -and located and established by the trustees of said township about August, 1903, described as follows:” etc.
It was held by the common pleas court on petition in error that under such a petition the township trustees had no authority to order that said ditch or any part thereof be tiled, unless one or more of the parties interested should make a written request, at the hearing of the petition, that tiling be done, in accordance with the terms of Section 6614, General Code.
This section has application, as we think, to proceedings in the establishment and construction of a ditch where the petition does not contain an express prayer for tiling. The proceeding under review, however, was manifestly brought under Section 6644, General Code, which relates to altering, deepening, widening, enlarging, repairing, boxing or tiling a ditch already established and constructed, as was this Gilbert ditch:
*41 “Section 6644. The trustees may cause a ditch, or part thereof, located and constructed under any law, to be altered, deepened, widened, enlarged, repaired, boxed or tiled, and like proceedings shall be had, so far as applicable, as is required in the location and construction thereof. The expense thereof shall be apportioned as is provided in this title for original construction.”
The petition filed with the trustees, out of which this controversy arose, asks, among other things, that the ditch be tiled. The transcript of the proceedings before the township trustees shows, by written objections filed and claims of various kinds presented by those interested, that the tiling was an important part of the improvement under consideration.
It seems to us that it would be a vain thing in such a proceeding to require those desiring an enclosed ditch, or a tiled ditch, to renew this prayer, or to file any sort of a written request, when the original petition, as we have said, clearly embraced the tiling of the ditch.
Counsel for defendants in error lay stress in their brief upon the fact that Mr. Peele, petitioner for the improvement, was at the time the petition was filed and during the pendency of the proceedings, a member of the board of township trustees, and that by reason of his holding his said position he had no right to file the petition.
The statute provides that a majority of the board of township trustees may act in any matter, and we find no inhibition against an owner of real estate filing or joining in a petition for an improvement of a ditch merely because at that time he hap *42 pens to hold the office of township trustee or other office. The record shows that he took no part, as trustee, in the proceedings by the board of trustees in relation to this matter, but that all proceedings were conducted by the other members of the board, who constituted a quorum and had power to act.
We find that there was error in the judgment of the common pleas court in reversing so much of the proceedings of the trustees as ordered the ditch to be tiled.
We have examined the other errors assigned in the petition in error filed in the common pleas court, and fail to see where there was any departure from the provisions of the statute in the action of the trustees.

Judgment reversed.

Swing, P. J., and Jones, Oliver B., J., concur.